T.C. Memo. 2012-295

UNITED STATES TAX COURT

ELBY B. LYONS, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18826-11L.                    Filed October 22, 2012.

Elby B. Lyons, Jr., pro se.

John F. Driscoll and Thomas Alan Friday, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  This case is before the Court on respondent's motion for summary judgment as supplemented.[1]  The Court will grant respondent's motion as supplemented.

[1]The Court issued orders on several different dates ordering petitioner to file a response.  Petitioner failed to do so.

[*2]                           <u>Background</u>

The record establishes and/or petitioner does not dispute the following.

Petitioner resided in Georgia at the time he filed the petition.

Petitioner timely filed a Federal income tax (tax) return for his taxable year 2003 (2003 return). In his 2003 return, petitioner showed an overpayment of tax, which respondent refunded shortly after he filed that return.

Thereafter, respondent examined petitioner's 2003 return. As a result of that examination, respondent issued to petitioner a notice of deficiency with respect to his taxable year 2003 (2003 notice). In that notice, respondent determined a deficiency in petitioner's tax of $4,688.50.

Petitioner filed a petition with respect to the 2003 notice, thereby commencing the case at docket No. 12054-06S. In that petition, petitioner disputed the deficiency that respondent had determined in the 2003 notice.

At the call of the case at docket No. 12054-06S from the calendar at the Court's November 5, 2007 trial session in Birmingham, Alabama, petitioner appeared and conceded that case. In the light of that concession, respondent's counsel made an oral motion on behalf of respondent for entry of decision (respondent's oral motion) in the amount of the deficiency ($4,688.50) that respondent had determined in the 2003 notice. On November 26, 2007, the Court

**[\*3]** entered an order and decision granting respondent's oral motion and deciding that there was a deficiency of $4,688.50 in petitioner's tax for his taxable year 2003 (2003 deficiency).

On May 12, 2008, respondent assessed petitioner's 2003 deficiency. As required by section 6303,[2] within 60 days after the date on which respondent assessed petitioner's 2003 deficiency respondent mailed to petitioner a notice and demand for payment of that deficiency.

On July 13, 2010, respondent issued to petitioner a final notice of intent to levy and notice of your right to a hearing with respect to petitioner's unpaid 2003 deficiency.

On August 12, 2010, petitioner timely submitted to respondent Form 12153, Request for a Collection Due Process or Equivalent Hearing (petitioner's Form 12153). In that form, petitioner (1) requested an offer-in-compromise in order to resolve his unpaid 2003 deficiency and (2) showed his address as 741 Old Tanyard Road, Villa Rica, Georgia (petitioner's Old Tanyard Road address).

By letter to petitioner dated February 18, 2011, and addressed to petitioner's Old Tanyard Road address (February 18, 2011 letter), a settlement officer

---

[2]All section references are to sections of the Internal Revenue Code in effect at all relevant times. All Rule references are to the Court's Rules of Practice and Procedure.

[*4] (settlement officer) with respondent's Appeals Office (Appeals Office) assigned to petitioner's Form 12153 acknowledged receipt of that form. In the February 18, 2011 letter, the settlement officer informed petitioner that she had scheduled a telephonic hearing with him at 1 p.m. on March 11, 2011. In the February 18, 2011 letter, the settlement officer asked petitioner to submit to her within 14 days after the date of that letter (1) completed Form 656, Offer in Compromise, and (2) copies of respective tax returns for his taxable years 2008 and 2009 that he had filed. In her February 18, 2011 letter, the settlement officer also offered petitioner a face-to-face hearing. The settlement officer advised petitioner in her February 18, 2011 letter to contact her within 14 days after the date of that letter if he wanted such a hearing or if he wanted to have a hearing "via correspondence."

Petitioner did not respond to the settlement officer's February 18, 2011 letter. As a result, the settlement officer sent a second letter to petitioner dated March 11, 2011, and addressed to petitioner's Old Tanyard Road address (March 11, 2011 letter). In the March 11, 2011 letter, the settlement officer offered petitioner an additional opportunity to provide her with any information that he wanted her to consider. Petitioner did not respond to the settlement officer's March 11, 2011 letter.

**[\*5]**   On May 12, 2011, the Appeals Office issued to petitioner at petitioner's Old

Tanyard Road address a notice of determination concerning collection action(s)

under section 6320 and/or 6330 with respect to petitioner's taxable year 2003

(notice of determination).   The notice of determination included an attachment that

stated in pertinent part:

## SUMMARY AND RECOMMENDATION

We could not reach an agreement, extend any relief to you, or even consider any alternatives to the proposed levy, because you did not provide the requested financial information, or participate in the scheduled CDP hearing.   Appeals determination is based upon the review of the available information in the Collection administrative file. The proposed levy action is the appropriate action in this case.

### Discussion and Analysis

### Verification of Legal and Procedural Requirements

The requirements of applicable law or administrative procedures have been met and the actions taken were appropriate under the circumstances.

### Other issues raised by the Taxpayer
You raised no other issues.

### Balancing of Need for Efficient Collection with Taxpayer Concern That the Collection Action Be No More Intrusive Than Necessary

You did not respond to the two letters mailed to you, and you did not provide the requested financial information necessary to make a determination regarding an alternative means of collection.

**[\*6]** Therefore, our determination is that the proposed levy action balances the need for efficient collection of taxes with your concern that any collection action be no more intrusive than necessary.

In the amended petition that petitioner filed in this case, petitioner alleged:

I made a legitimate OFFER-N-COMPROMISE proposal that was not accepted by the IRS. After I appealed, I never received official correspondence at my correct address regarding when and where the appeal hearing would be held. Voice mails were not returned by my contact person in a timely manner.

1 - My OFFER-N-COMPROMISE should have been accepted.
2 - I do not have the ability to pay.
3 - Each time you speak with someone at the IRS you get different instructions and contradictory advice.
4 - Correspondence from the IRS was repeatedly sent to the wrong address.

## Discussion

The Court may grant summary judgment where there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The Court concludes that there are no genuine disputes as to any material facts regarding the issue raised in respondent's motion as supplemented.

**[*7]**  Petitioner does not dispute the existence or the amount of petitioner's unpaid 2003 deficiency in the petition or the amended petition.  Nor would he have been entitled to do so.[3]  See sec. 6330(c)(2)(B).

Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of Internal Revenue for abuse of discretion.  See Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).

Based upon the Court's examination of the entire record before the Court, the Court finds that the Appeals Office did not abuse its discretion in making the determinations in the notice of determination.

The Court has considered all of the contentions and arguments of the parties that are not discussed herein, and the Court finds them to be without merit, irrelevant, and/or moot.

On the record before the Court, the Court will grant respondent's motion as supplemented.

---

[3]Petitioner conceded the deficiency for his taxable year 2003 that respondent determined in the 2003 notice and that was at issue in the case that he commenced in the Court at docket No. 12054-06S.  As a result of that concession, the Court entered a decision in that case that there was a deficiency of $4,688.50 in tax for petitioner's taxable year 2003.

**[*8]**   To reflect the foregoing,

<u>An order granting respondent's motion
as supplemented and decision for respondent
will be entered</u>.